**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| MOAR SECK, | : | |
| | : | Civil Action No. 07-2360 (FSH) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| BUREAU OF IMMIGRATION | : | |
| and CUSTOMS ENFORCEMENT, | : | |
| et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Moar Seck, Pro Se
A#93-434-143
Elizabeth Detention Facility
625 Evan Street
Elizabeth, NJ 07201

**HOCHBERG**, District Judge

Petitioner Moar Seck, an alien confined at Elizabeth Detention Facility, Elizabeth, New Jersey while awaiting removal, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner seeks leave to proceed in forma

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.

pauperis, which the Court will grant.  The sole respondent is the Bureau of Immigration and Customs Enforcement ("BICE").[2]  For the following reasons, the petition will be dismissed.

## BACKGROUND

Petitioner does not convey many facts in his petition.  From the petition and attachments, it appears that Petitioner is a citizen of Guinea-Bissau.  On December 28, 2006, an Immigration Judge ("IJ") denied his petition for asylum and withholding of removal, and his request for protection under the Convention Against Torture.  Petitioner appealed the decision to the Board of Immigration Appeals ("BIA").  The BIA dismissed the appeal on April 20, 2007, affirming the IJ's findings.

Petitioner is now being detained by the BICE.  He asserts the following arguments in this habeas petition:

---

(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2] According to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall name as a respondent the person who has custody over the petitioner.  The warden of the facility in which petitioner is confined is an indispensable party for want of whose presence the petition must be dismissed.  See Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994); Valdivia v. Immigration and Naturalization Service, 80 F. Supp.2d 326, 333 (D.N.J. 2000); Morehead v. California, 339 F.2d 170, 171 (9th Cir. 1964).  In this case, Petitioner has not named the warden as a respondent.  However, in light of the fact that the Petition is being dismissed, the Court will not require Petitioner to amend.

1. Petitioner cannot be deemed or adjudged time-barred for his asylum application.  Also, the laws and provisions regarding asylum relief were wrongly applied.
2. "Non-conducive and deplorable conditions of confinement."
3. "Non-grant or deliberate negligence of release responsibility."

Petitioner also asks the Court to stay his deportation.

## DISCUSSION

**A.  Standard for Sua Sponte Dismissal.**

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert.

denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

**B.    Petitioner's Claims Regarding Asylum Findings**

Petitioner states that the IJ and BIA incorrectly decided his asylum claims.  He states that the grounds for his applications for refugee relief were clear and corroborated by evidence, and that attacks on Petitioner and his family were politically motivated.  Petitioner argues that the BIA erroneously supported the IJ.

However, this Court lacks jurisdiction over any claims asserted by Petitioner which seek to challenge his underlying removal order, pursuant to the REAL ID Act.  See 8 U.S.C. § 1252(a)(5)(stating "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision . . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, . . . .").  Petitioner

4

must raise any claims challenging his removal to the appropriate Court of Appeals.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, this Court will transfer Petitioner's asylum claims to the Court of Appeals for the Third Circuit.

**C.     Petitioner's Claims Regarding Conditions of Confinement**

Petitioner argues that the Elizabeth Detention Facility imposes "deplorable" conditions of confinement. Petitioner states that there is a 22-23 hour lock-down, "unnecessary sleep disturbances," "incessant" searches, poor quality and quantity of food, and that he is treated "like a criminal." However, these claims are not properly brought in this habeas petition.

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

With regard to his conditions of confinement claims, "no matter what the outcome of [Petitioner's] habeas petition, neither the fact nor the length of his incarceration will be affected," thus, habeas relief is unavailable to Petitioner. See Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002)(unpubl.).

The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas"- the validity of the continued conviction or the fact or length of the sentence- a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

Here, because Petitioner's claims concern conditions of detention, not the fact or duration of his incarceration, they are more properly brought in an appropriate civil action. Therefore, Petitioner will not be afforded habeas relief on these claims; however, the Court will direct the Clerk of the Court to provide Petitioner with a form civil rights complaint and in forma pauperis application, which Petitioner may file if he so chooses.

**D.     Petitioner's Request to Be Released**

Petitioner states that BICE officials have refused to provide him parole or bond.

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable. See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

Here, Petitioner attaches to his petition the decision by the BIA, dated April 20, 2007, dismissing his appeal. Thus,

7

considering that date as the date that his order of removal became final, Petitioner's post-removal-order custody commenced on that date. See, e.g., 28 U.S.C. § 1231(a)(1)(B)(iii); Gregory v. B.I.C.E./D.H.S., Civil Action No. 06-4008 (SDW), 2007 WL 708856 (March 6, 2007) (removal period begins anew upon the happening of any of the events described in § 1231(a)(1)(B)); Michel v. INS, 119 F. Supp.2d 485, 498 (M.D. Pa. 2000) (same). The Petition is dated May 2, 2007, and was received by this Court on May 18, 2007.

    Accordingly, it is apparent from the face of the Petition that neither the 90-day removal period nor the six-month presumptively reasonable removal period has yet elapsed and Petitioner is not entitled to the relief requested.

**CONCLUSION**

For the reasons set forth above, Petitioner's asylum claims will be transferred to the Court of Appeals for the Third Circuit, pursuant to the Real ID Act.  Petitioner's conditions of confinement claims will be dismissed, without prejudice, to allow Petitioner to file a separate civil rights action if he so chooses.  Petitioner's detention claims will be dismissed, without prejudice, to allow Petitioner to bring a new Petition after the presumptively-reasonable period of detention has passed, should circumstances warrant.  Petitioner's request for a stay of deportation will be denied.

An appropriate Order follows.

                                    /s/ Faith S. Hochberg
                                    United States District Judge

Dated:  July 10, 2007